**UNITED STATES OF AMERICA,**

v.

**Sylvanus GANSALLO a/k/a Terrance Howard Sylvanus Gansallo,
Appellant.**

**No. 01–2859.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 9, 2003.

Decided March 31, 2003.

Before SCIRICA, BARRY and SMITH, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

After the defendant, Sylvanus Gansallo, filed this *pro se* appeal, his attorney filed a motion to withdraw as counsel and an *Anders* brief[1] asserting that Gansallo's appeal raises no non-frivolous issues. We will affirm the judgment of conviction and sentence and grant defense counsel's motion to withdraw.

### I.

Pursuant to a written plea agreement, Gansallo pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344.[2] The District Court assigned Gansallo an offense level of 12 and sentenced him to 12 months and 1 day imprisonment.[3] On May 23, 2002, Gansallo's attorney filed a motion to withdraw as counsel accompanied by an *Anders* brief. This court subsequently alerted Gansallo of his right to file a formal or informal brief that shows why his conviction should be set aside. Gansallo has not filed a brief in support of this appeal.

### II.

In *Anders*, the Supreme Court provided that defense counsel may request permission to withdraw from a wholly frivolous case "after a conscientious examination of it." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. The request to withdraw "must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.*

An *Anders* brief must "satisfy the court that counsel has thoroughly examined the record for appealable issues and ... explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Gansallo's attorney was unable to find an error or defect in the plea. Nor has Gansallo raised any claim of error. Specifically, Gansallo's attorney examined the following relevant issues: (1) whether the District Court had jurisdiction to accept Gansallo's guilty plea; (2) whether Gansallo's plea comported with controlling constitutional and statutory standards; and (3) whether the District Court imposed a legal sentence. After reviewing the record, none of these contentions has merit. Furthermore, we see no other valid basis for overturning Gansallo's conviction. *See Youla*, 241 F.3d at 300 (providing that appellate courts must conduct independent review of record for non-frivolous issues).

### III.

Accordingly, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. Gansallo deposited counterfeit checks in the aggregated amount of $96,000 at five FDIC insured banks. By the time he withdrew $37,625 against the counterfeit checks, the banks detected Gansallo's scheme, and bank photographs established Gansallo's guilt.

3. The District Court also sentenced Gansallo to five years supervised release and restitution in the amount of $37,604.96. However, Gansallo was released on May 17, 2002, after receiving time credit for good behavior. The Bureau of Prisons released Gansallo to the Immigration and Naturalization Service on an immigration detainer, and the INS deported him to Nigeria on July 15, 2002.